05-3811-cr
United States v. Lomax (Johnson)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2005

(Submitted: June 16, 2006                    Decided: October 10, 2007)

Docket No. 05-3811-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

MARK JOHNSON, AKA MARC JOHNSON,

*Defendant-Appellant.*

Before: MESKILL, CABRANES, and WESLEY, *Circuit Judges.*

Defendant was convicted by a jury of one count of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) sentenced him principally to 120 months' imprisonment. On appeal, he contends, *inter alia*, that the District Court should have considered the disparities between the federal and state penalties for his offense of conviction when determining the sentence to be imposed upon him. We hold that a district court is not required to consider potential federal/state sentencing disparities when sentencing a federal defendant.

Affirmed.

CHARLES F. WILLSON, Nevins & Nevins, Hartford, CT (Alan M. Nelson, Lake Success, NY, *on the brief*), *for Defendant-Appellant.*

DAVID B. MASSEY, Assistant United States Attorney (Michael J. Garcia, United States

Attorney, Karl Metzner, Assistant United States Attorney, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY, *for Appellee.*

JOSÉ A. CABRANES, *Circuit Judge*:

A jury found defendant-appellant Mark Johnson guilty of one count of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) entered a judgment of conviction and sentenced Johnson principally to 120 months' imprisonment, to be followed by three years' supervised release. Johnson now appeals the judgment of conviction entered against him and the sentence imposed upon him.

Johnson raises five issues on appeal. In challenging his conviction, he contends that the District Court erred by (1) denying his pretrial motion to bifurcate his trial and (2) instructing the jury on the fact of his prior felony conviction. In challenging his sentence, he contends that the District Court erred by failing to take into account, when considering his motion for a downward departure or a non-Guidelines sentence (3) the lower sentence received by his co-defendant and (4) the disparities between federal and state penalties for his offense of conviction. Johnson also contends that (5) the District Court failed to state the reasons for imposition of his sentence as required under 18 U.S.C. 3553(c). We find all of Johnson's arguments to be without merit, but we write to clarify that a District Court is not required to consider potential federal/state sentencing disparities when sentencing a federal defendant.

## BACKGROUND

On December 1, 2004, at approximately midnight, two New York Police Department officers came upon Johnson and Johnson's co-defendant, Tyson Lomax, while performing a routine patrol. The first officer observed Johnson hand Lomax an item in exchange for a sum of currency.

2

Lomax, catching sight of the officer, then tried to flee. As he ran, he dropped an object. The officer heard the sound of metal hitting the concrete and, several moments later, came upon a nine millimeter handgun lying in the place where Lomax had dropped the object. Johnson and Lomax were arrested at the scene and charged with firearms offenses under New York law.[1]

Several days later, on December 7, 2004, the Government filed a felony complaint in the United States District Court for the Southern District of New York, charging Johnson and Lomax with one count each of possessing a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).[2] A federal grand jury indicted both defendants on February 11, 2005. On February 21, 2005, Johnson filed a pre-trial motion to bifurcate his trial into an initial phase addressing his possession of the firearm and a subsequent phase addressing his prior felony conviction. The District Court denied his motion at a pretrial conference held on March 18, 2005. Also on March 18, 2005, the Government offered to stipulate to the fact of Johnson's conviction in a manner that did not mention the nature of his prior felony. The stipulation it proposed stated that Johnson had been "convicted in a court of a felony crime punishable by imprisonment for a term exceeding one year." Supplemental App 18. On April 4, 2005, the Government again provided this draft stipulation to Johnson. Johnson rejected the Government's proposal. At his request, the parties presented the District Court with a stipulation specifying that Johnson had previously been convicted of criminal sale of a controlled substance in the fifth degree.

On April 19, 2005, Lomax pleaded guilty. Johnson proceeded to trial the same day. After closing arguments, the District Court gave the jury an instruction that included (1) a discussion of the purpose of § 922(g); (2) a recitation of the stipulation about Johnson's prior felony conviction;

---

[1] Specifically, they were charged with the following felony offenses: (1) criminal possession of a weapon in the third degree in violation of New York Penal Law § 265.02 and (2) criminal sale of a firearm in the third degree in violation of New York Penal Law § 265.11.

[2] On June 25, 2002, Johnson was convicted in New York Supreme Court of criminal sale of a controlled substance in the fifth degree, a class D felony.

and (3) an instruction that Johnson's prior conviction was to be considered only as "an element of the charges . . . and for nothing else," J.A. 299. Johnson did not object to the jury instructions. On April 21, 2005, the jury found Johnson guilty as charged.

The recommended range of imprisonment under the Sentencing Guidelines was 120 to 150 months' imprisonment, based on Johnson's total offense level of 26 and criminal history category of VI. The United States Probation Office and the Government recommended a sentence of 120 months—the statutory maximum for Johnson's offense. Johnson, in a pre-sentence memorandum, moved the District Court to depart downwards or, alternatively, impose a non-Guidelines-range sentence. He contended, among other things, that imposition of a 120-month sentence would create an unwarranted disparity between the sentence he received and that imposed on similarly-situated defendants prosecuted under New York state law.

Johnson appeared before the District Court for sentencing on July 7, 2005. After hearing argument on the issues raised in Johnson's pre-sentence memorandum, the District Court rejected each of Johnson's claims. The District Court then imposed a sentence principally of 120 months' imprisonment, explaining that such a sentence was warranted in light of Johnson's prior criminal history, which included a "record of violence," *id.* at 389. Johnson did not object at sentencing to (1) the District Court's disposition of the sentencing issues he raised or (2) the reasons it gave for the sentence imposed.

## DISCUSSION

The District Court sentenced Johnson principally to 120 months' imprisonment—the federal statutory maximum for his offense. Had Johnson been prosecuted for the same offense in

4

New York state court, his potential sentence could not have exceeded 7 years (84 months).[3] Johnson, relying on 18 U.S.C. § 3553(a)(6), now contends that the District Court should have considered the disparities between the federal and state penalties for his offense of conviction when determining the appropriate sentence. We disagree.

Section 3553(a)(6) provides that, when sentencing a federal defendant, a court "shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We have, however, previously noted that "the primary purpose of [§ 3553(a)(6)] was to reduce unwarranted sentence disparities nationwide." *United States v. Wills,* 476 F.3d 103, 109 (2d Cir. 2007). We have also observed that requiring district courts to reduce a defendant's sentence whenever he "might have been subjected to different penalties had he been prosecuted in state court would make federal sentences dependent on the law of the state in which the sentencing court was located, resulting in federal sentencing that would vary from state to state." *United States v. Haynes*, 985 F.2d 65, 70 (2d Cir. 1993). In light of these observations, we cannot say that the District Court erred by declining to adopt an approach that would have decreased sentencing disparities between Johnson and any similarly-situated state defendant but *increased* sentencing disparities between Johnson and any similarly-situated federal defendant prosecuted in different states. We join the Fourth, Seventh and Tenth Circuits in reaching this conclusion. *See United States v. Clark,* 434 F.3d 684, 687–88 (4th Cir. 2006); *United States v. Wurzinger*, 467 F.3d 649, 653–54 (7th Cir. 2006); *United States v. Branson*, 463 F.3d 1110, 1112–13

---

[3] The apparent New York state analogue of Johnson's federal offense is criminal possession of a weapon in the third degree, *see supra* note 1, which is a class D felony, *see* N.Y. Penal Law § 265.02. Under New York law, the term of imprisonment for a class D felony "shall not exceed seven years." *See* N.Y. Penal Law § 70.00(d).

(10th Cir. 2006).[4]

We now turn to Johnson's remaining claims. Johnson's first claim—that the District Court erred by declining to bifurcate his trial—is without merit. *See United States v. Amante*, 418 F.3d 220, 224 (2d Cir. 2005) ("Where the government agrees to stipulate [to] the fact of the prior felony without going into the underlying facts, there can be no unfair prejudice justifying bifurcation."); *United States v. Belk,* 346 F.3d 305, 310 (2d Cir. 2003) (observing that a district court's exercise of its discretion in refusing to bifurcate the elements of a § 922(g)(1) charge is not reversible error).

The same is true of his argument that it was error for the District Court to give a jury instruction that included an observation about the fact of Johnson's prior felony conviction. In *Belk*, we noted with approval our prior holding that "the defendant in a § 922(g)(1) trial" had been shielded from undue prejudice where the trial court gave a "proper curative instruction explaining to the jury that it may only use proof of the prior conviction to satisfy the prior-conviction element of the crime" and "the . . .evidence of [the defendant's] prior conviction [was] narrowly tailored to the fact of the conviction itself." 346 F.3d at 311 (discussing *United States  v. Gilliam*, 994 F.2d 97, 100 (2d Cir. 1993)). The jury that tried Johnson received a curative instruction similar in content to the instruction given in *Gilliam*; and, although the stipulation presented to the jury did describe the nature of Johnson's prior offense, this description was inserted at Johnson's own request. Accordingly, Johnson's claim that the District Court "fail[ed] to provide the appropriate prophylactic curative measure necessary to insure that the jury would not be unduly influenced by the prior conviction," Appellant Br. 21, is patently lacking in merit.

Johnson's fourth claim—that the District Court erred by failing to take into account the

---

[4] The Eighth Circuit has concluded that district courts *are not permitted* to consider federal/state sentencing disparities when determining the sentence to be imposed upon a defendant. *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006) (holding that a district court is "neither required nor permitted under § 3553(a)(6) to consider a potential federal/state sentencing disparity"). We do not reach that question here.

lower sentence received by his co-defendant—is unavailing in light of our observation, in *United States v. Wills*, that "§ 3553(a) does not require district courts to consider sentencing disparity among co-defendants." 476 F.3d at 110 (quotation marks and citation omitted). Nor can he prevail on his claim that the District Court failed to state the reasons for imposition of his sentence as required under 18 U.S.C. § 3553(c). Because Johnson did not object to the statement of reasons given by the District Court at his sentencing hearing, we review his claim for plain error. *See United States v. Villafuerte*, No. 06-1292, — F.3d —, 2007 WL 2737691 at *6 (2d Cir. Sept. 21, 2007) (holding that "plain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c)"). In *Villafuerte*, we found no plain error under § 3553(c) where the sentencing court "offered reasons for rejecting [the defendant's] arguments for a non-Guidelines sentence" and explained its reasons for imposing a particular within-Guidelines sentence. *Id.* at *7. At the sentencing, the District Court Johnson specifically considered each of Johnson's arguments for downward departure before determining that Johnson's "record of violence" warranted a within-Guidelines sentence of 120 months. Accordingly, we find no plain error under § 3553(c).

## CONCLUSION

We have carefully considered Johnson's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.