UNITED STATES of America,
Appellee,

v.

Hector SANTIAGO, Defendant–
Appellant.

No. 07–1890–cr.

United States Court of Appeals,
Second Circuit.

Sept. 11, 2008.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT, for Appellant.

Christopher M. Mattei, Assistant United States Attorney, (Kevin J. O'Connor, United States Attorney, on the brief, Robert M. Spector, Assistant United States Attorney, of counsel), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Hector Santiago appeals from the March 4, 2003 judgment of conviction of the District Court. Following a jury trial, defendant was convicted of unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was sentenced principally to a term of 96 months' incarceration. Our Court subsequently affirmed the judgment of conviction and remanded the case for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court imposed the same sentence on remand. Before our Court, defendant now challenges his sentence on the ground that the District Court committed a procedural error by refusing to consider the disparity between the defendant's federal sentence and the sentence he would have received in state court for the same offense. We assume the parties' familiarity with the facts and procedural history of the case.

We have previously held that a District Court is not required to consider the disparities between the federal and state penalties for his offense of conviction when determining the appropriate sentence. See United States v. Johnson, 505 F.3d 120, 124 (2d Cir.2007). The District Court's reasons for refusing to consider the federal-state sentencing disparity were similar to those given in Johnson, namely that such a consideration "would make federal sentences dependent on the law of the state in which the sentencing court was located, resulting in federal sentencing that would vary from state to state [contrary to the intent of the Guidelines]." Id. at 123 (quoting United States v. Haynes, 985 F.2d 65, 70 (2d Cir.1993)). We conclude that the District Court properly considered the relevant § 3553(a) factors and that the defendant's sentence was not otherwise procedurally unreasonable. See United States v. Fernandez, 443 F.3d 19, 26 (2d Cir.2006).

For the reasons stated above, the judgment is **AFFIRMED**.