SUMMARY ORDER

Defendant-appellant Jose Roberto Ma-teo-Rivera appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.) convicting him of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and principally sentencing him to 188 months of incarceration and five years of supervised release. We assume the parties’ familiarity with the underlying facts and the case’s procedural history.
Mateo-Rivera first argues that the district court erred in concluding that he was responsible for more than five kilograms of cocaine because at the plea hear *366 ing he admitted to selling only one kilogram of cocaine and did not understand that his sentence could be enhanced based on the cocaine sold by his co-conspirators. At Mateo-Rivera’s plea, however, the court specifically advised him about the nature of the crime of conspiracy, and Mateo-Rivera stated that he understood that he was pleading guilty to “distri-but[ing] and to possess[ing] with the intent to distribute, a substance containing cocaine in an amount of five kilograms or more.” He has thus failed to demonstrate that his guilty plea to conspiracy was not made knowingly with an understanding of the consequences.[1]
Mateo-Rivera next asserts that the district court failed to consider the disparity between his sentence and those of his co-defendants, despite the sentencing judge’s obligation to consider “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.” 18 U.S.C. § 3553(a)(6). But “ § 3553(a) does not require district courts to consider sentencing disparity among co-defendants.” United States v. Johnson,. 505 F.3d 120, 124 (2d Cir.2007) (internal quotation marks omitted). Although Ma-teo-Rivera was sentenced at the upper limit of the relevant Sentencing Guidelines range and his sentence is significantly longer than those of his co-defendants, this disparity is primarily due to Mateo-Rivera’s flight and approximately two-year evasion from authorities following his cooperation agreement. This is not an “exceptional case[] where the trial court’s decision cannot be located within the range of permissible decisions.” United States v. Cavern, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (internal quotation marks omitted).
Finally, Mateo-Rivera argues that he received ineffective assistance of counsel at both his plea and sentence. But the record demonstrates that Mateo-Riv-era’s bilingual counsel made numerous visits to Mateo-Rivera while he was incarcerated and discussed the plea and its repercussions with him. Mateo-Rivera also contends that his counsel’s failure to raise at sentencing the disparity in sentences among Mateo-Rivera and his co-defendants constituted ineffectiveness. In light of our observation that “ § 3553(a) does not require district courts to consider sentencing disparity among co-defendants,” Johnson, 505 F.3d at 124 (internal quotation marks omitted), counsel’s failure to raise this issue was not error. We therefore do not conclude that there were “errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We have reviewed Mateo-Rivera’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

. Mateo-Rivera also contends that his plea should be vacated because he was informed that the Sentencing Guidelines were mandatory, even though they have since been rendered advisory. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A "defendant’s inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis,” however, to vacate a guilty plea. United States v. Lee, 523 F.3d 104, 107 (2d Cir.2008) (internal quotation marks omitted).