**UNITED STATES of America,**
**Appellee,**

v.

**Larry STATHAKIS, Defendant–**
**Appellant.**

No. 08–1617–cr.

United States Court of Appeals,
Second Circuit.

April 8, 2009.

Brian Gardner, Sullivan Gardner P.C., New York, NY, (Christopher Tumulty, Daniel Graber, and Steven Montgomery, on the brief), for Appellant.

Daniel A. Spector and Edward K. Newman, Assistant United States Attorneys, Eastern District of New York, for Benton J. Campbell, United States Attorney, Brooklyn, NY, (Emily Berger, Assistant United States Attorney, on the brief), for Appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges, MARK R. KRAVITZ.[1]

## SUMMARY ORDER

Larry Stathakis appeals from a judgment of conviction of conspiracy to commit bank fraud and two substantive counts of bank fraud entered in the Eastern District of New York on April 4, 2008.

We assume the parties' familiarity with the factual background, proceedings below, and specification of issues on appeal.

■ The district court correctly charged the jury that in order to convict Stathakis, it must find beyond a reasonable doubt that Stathakis had the intent to expose the bank to an actual or potential loss, the intent required for bank fraud under 18 U.S.C. § 1344. *See United States v. Rigas,* 490 F.3d 208, 231 (2d Cir.2007). Because intending to expose a bank to actual or potential loss is not inconsistent with an honest belief that no harm would come to the bank, the district court did not err by charging that such an honest belief would not excuse fraudulent actions or false representations.

We decline to consider Stathakis's contention that a conflict of interest on his attorney's part that began after conviction but sometime before sentencing deprived him of effective assistance of counsel. This claim is more properly raised in a proceeding pursuant to 28 U.S.C. § 2255. *See United States v. Williams,* 205 F.3d 23, 35 (2d Cir.2000).

■ The government did not improperly bolster the testimony of cooperating witnesses by asking them on direct examination what they understood their obligations to be or by describing in summation the penalties that cooperating witnesses could incur if they perjured themselves because Stathakis's counsel identified the cooperation agreements as a reason for not crediting the cooperators' testimony in his opening statement.

---

1. The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

*See United States v. Quinones,* 511 F.3d 289, 313 & n. 16 (2d Cir.2007). Nor did the Assistant United States Attorney improperly vouch for witnesses. The comment to which Stathakis objects relates to the weight of the evidence and not to the veracity of any particular testimony or evidence. *See United States v. Modica,* 663 F.2d 1173, 1178 (2d Cir.1981) (holding that counsel may not vouch for the truthfulness of testimony).

■ The district court did not err by failing to hold a competency hearing during the first two days of trial. Such a hearing need be held only "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Although the record demonstrates that Stathakis was temporarily deprived of certain medications, he points to no facts in the record that created "reasonable cause" to believe he was unable to assist in his defense or to understand the trial proceedings. Trial counsel's failure to indicate that the defendant had any difficulty in assisting counsel or understanding the proceedings further undermines Stathakis's contention that the court should have held a competency hearing. *See United States v. Quintieri,* 306 F.3d 1217, 1233 (2d Cir.2002).

■ With respect to his sentence, Stathakis claims that the district court violated 18 U.S.C. § 3553(a)(6) by increasing his offense level through the imposition of enhancements for sophisticated means and role while not imposing the same enhancements on equally culpable co-conspirators. This claim fails because the district court had no obligation to consider disparities between co-conspirators. *See United*

*States v. Johnson,* 505 F.3d 120, 124 (2d Cir.2007).

■ Even assuming Stathakis did not waive his claim to credit for acceptance of responsibility, there was no error in the district court's refusal to give this credit because (1) he put the government to its burden of proof by going to trial, *see* U.S.S.G. § 3E1.1 cmt. n. 2; and (2) he was found to have obstructed justice, *see id.* n. 4. Further, the district court did take Stathakis's attempted cooperation into account when it imposed a below-Guidelines sentence based on his attempted cooperation and health issues.

■ In calculating loss for purposes of determining Stathakis's offense level, the district court added loss amounts stemming from four loans that were not collateralized and three loans that had collateral. Stathakis conceded prior to a sentencing hearing that the $920,000 loss from the non-collateralized loans had been properly calculated and thus abandoned any challenge based on those loans. Pursuant to the applicable guideline, U.S.S.G. § 2B1.1, "actual loss" means "reasonably foreseeable pecuniary harm that resulted from the offense," and "reasonably foreseeable pecuniary harm'" means "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of his offense." U.S.S.G. § 2B1.1 cmt. n.(3)(A)(i), (iv). Stathakis argues that he would not have reasonably foreseen any loss accruing from the remaining fraudulently obtained mortgages because each had collateral. The district court's contrary determination was eminently reasonable because (1) Stathakis, who acted through straw buyers, falsely told the bank that there were no prior liens on the various properties; and (2) he disguised the true identity of the

mortgaged houses' owners, making it more difficult for the bank to foreclose.

Stathakis also urges that he did not cause the bank's loss because he continued making mortgage payments until the government directed that tenants no longer pay their rents. However, Stathakis identifies no evidence of his payments, and his position on appeal is directly contrary to the testimony of an insurance company representative who testified at his sentencing hearing. Therefore, this argument also lacks merit.

■ Finally, with respect to loss, Stathakis contends that the district court wrongly include the $224,900 loss from a Fleet mortgage whose proceeds were paid to a co-conspirator, Angelo Gerasimou. The government's proof that (1) Stathakis, Angelo Gerasimou, and George Gerasimou jointly owned LP Property Management; (2) the credit report used to purchase this property was sent to "Larry" at LP Property Management; and (3) this particular fraud was carried out in a manner very similar to those in which Stathakis more directly participated sufficed to carry its burden of proof on this issue.

■ With respect to restitution, Stathakis contends that the district court erred by valuing foreclosed properties on the day they were sold rather than on the day they were returned to the victim bank. See 18 U.S.C. § 3663A(b)(1)(B)(ii) (providing that the value of returned collateral to be deducted from the loss amount should be set on the day the property is returned to the victim). Because the properties for which fraudulent loans were obtained were the subject of prior liens, they were sold at foreclosure by entities other than the victim bank and the victim bank never had title. Cf. United States v. Boccagna, 450 F.3d 107, 118 (2d Cir.2006) (holding that "[b]y taking title to the foreclosure properties, HUD acquired the ability to defray its

... out-of-pocket loss by whatever dollar amount the highest bidder would have paid for those properties in an arm's-length market transaction contemporaneous to the transfer."). Therefore, the district court reasonably calculated the loss amount for restitution purposes by deducting from the actual losses the bank incurred the amount it could have received from foreclosure sale proceeds after prior liens had been satisfied. See U.S.S.G. § 2B1.1 cmt. n. 3(C) ("The court need only make a reasonable estimate of the loss.").

Stathakis's contention that the district court should have deducted from restitution the amounts he paid on his mortgage is defeated by his failure to identify record evidence of any payments on the mortgage. And, assuming that, as Stathakis contends, Angelo Gerasimou paid off one of the mortgages, it is not necessary to remand to clarify that Stathakis need not pay the same sum because double recovery is precluded as a matter of law. See United States v. Nucci, 364 F.3d 419, 424 (2d Cir.2004).

■ Stathakis also claims that the district court erred in calculating the forfeiture amount because this amount is more than double the loss or restitution amounts. However, there is no reason why the forfeiture amount should be the same as the loss or restitution amounts. These serve different ends. Forfeiture is designed to "punish, deter and disempower criminals." Pacheco v. Serendensky, 393 F.3d 348, 355 (2d Cir.2004). In contrast, restitution and loss focus on the harm suffered by the victim instead of any benefit to the wrong-doer. See Boccagna, 450 F.3d at 115; U.S.S.G. § 2B1.1 cmt. n. 3(a)(i) (defining "actual loss" as the harm resulting from the offense). In addition, Stathakis is wrong when he argues that the government conceded at his sentencing

hearing that it could not prove certain of the loans. Rather, the government stated that it would not put on evidence concerning non-insured loans because it did not need them to reach a loss figure that would justify the offense level it sought and because the witness on whom it intended to rely had knowledge of only the insured loans. Finally, because the district court did not clearly err in finding that loans payable to other persons were part of the conspiracy charged to Stathakis and were foreseeable to him, these loans were properly considered when calculating the forfeiture amount. *See United States v. Capoccia,* 503 F.3d 103, 117–18 (2d Cir. 2007) (collecting cases).

We have considered Stathakis's remaining arguments and found them to lack merit. Therefore, we affirm the judgment of the district court without prejudice to Stathakis's right to pursue his conflict-of-interest claim in a proceeding brought pursuant to 28 U.S.C. § 2255.