11-441-cr
U.S. v. Washington

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand twelve.

PRESENT:   GUIDO CALABRESI,
                       GERARD E. LYNCH,
                       RAYMOND J. LOHIER, JR.,
                                           *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                                   *Appellee*,

                    v.                                                                    No. 11-441-cr

JAMES WASHINGTON, a/k/a Harlem,
                                   *Defendant-Appellant.*

_____

FOR APPELLANT:          ANTHONY L. RICCO (Steven Z. Legon, *on the brief*), New York, New York.

FOR APPELLEE:           MARTIN BELL, Assistant United States Attorney (Iris Lan, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Richard M. Berman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant James Washington was convicted, after a jury trial, of one count of conspiracy to operate an illegal gambling operation in violation of 18 U.S.C. § 371. The district court sentenced Washington to a below-guidelines sentence of twelve months and one day of imprisonment, and supervised release for a period of three years, and ordered forfeiture in the amount of $1,152,523.70 and a special assessment of $100. Washington argues on appeal that the incarceration element of his sentence resulted in an unwarranted sentencing disparity, as he is the only member of the conspiracy – which consisted of more than a dozen charged members, including the two ringleaders who originated the conspiracy and profited the most from its activities – to receive a sentence of incarceration. We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's sentence for reasonableness. See, e.g., United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008). This review "encompasses two components: procedural review and substantive review." Cavera, 550 F.3d at 189. A district court can commit procedural error by "failing to consider the [18 U.S.C.] § 3553(a) factors," Gall v. United States, 552 U.S. 38, 51 (2007), but the sentencing judge "adequate[ly] discharge[s] . . . the duty to 'consider' matters relevant to sentencing" so long as she "is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing

2

in the record indicates misunderstanding about such materials or misperception about their relevance," United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005). "[T]here is no requirement that the court mention the required factors, much less explain how each factor affected the court's decision." United States v. Banks, 464 F.3d 184, 190 (2d Cir. 2006).

Washington challenges his sentence as procedurally unreasonable on the basis that the district court failed to consider, pursuant to 18 U.S.C. § 3553(a)(6), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." More specifically, he asserts that because none of the other members of the conspiracy – including its originators and ringleaders – was sentenced to incarceration, and several co-defendants were allowed to plead to misdemeanors, rather than felonies, thereby keeping their United States Postal Service ("USPS") pensions, his sentence of incarceration is an unwarranted disparity and thus procedurally unreasonable.

These arguments are unavailing. We have held that "a district court may – but is not required to – consider sentencing disparity among co-defendants" under this standard. United States v. Johnson, 567 F.3d 40, 54 (2d Cir. 2009); see also United States v. Johnson, 505 F.3d 120, 122 (2d Cir. 2007) (rejecting defendant's argument that the district court erred by "failing to take into account . . . the lower sentence received by his co-defendant."). Moreover, the district court expressly considered the disparities in sentences given to the co-defendants, and determined that several factors distinguished

3

Washington from the co-defendants who received lesser sentences. Among these factors, Washington "was one of the most prolific runners in the gambling operation" and as such "was significantly more culpable than many," though perhaps not all, of his co-defendants. Relatedly, Washington's "personal profit . . . was three times greater than that of the co-defendants who were offered misdemeanor pleas." Also, the two co-defendants who originated and managed the enterprise and may have been more culpable than Washington were each either "very serious[ly]" or "grave[ly]" ill at the time of their sentence, which militated against their incarceration.

Two additional factors explain Washington's higher sentence. First, the district court found that the evidence established a two-point enhancement for an "abuse of trust" pursuant to U.S.S.G. § 3B1.3, on the basis of Washington's role as a supervisor for the USPS, a status that no other co-defendant – including the enterprise's ringleaders – shared throughout the duration of the conspiracy. Second, the district court determined that Washington was ineligible for a reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, since Washington put the government to its burden of proof at trial. The district court's decision here is consistent with the guidelines: an acceptance-of-responsibility "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 cmt. 2. And although the district court expressly disclaimed considering Washington's exercise of his right to a trial by jury in the determination of

4

his sentence, as Washington's own counsel pointed out, "[t]he major implication" of his choice to trial was undisputedly the "higher guideline range" produced by his resulting ineligibility for this reduction. Accordingly, the district court made no procedural error in determining Washington's sentence.

We next "consider the substantive reasonableness of the sentence," doing so "under an abuse-of-discretion standard." Gall, 552 U.S. at 51. Under this standard, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," Cavera, 550 F.3d at 190, and do not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," id. at 189. Here, the district court determined that Washington's guidelines range was 15-21 months. Reviewing the record as a whole, we conclude that the district court did not abuse its discretion by assigning a below-guidelines sentence of 12 months and one day.

We have reviewed the appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5