16-1694
*United States v. Mullings*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 15th day of November, two thousand seventeen.

Present: ROBERT A. KATZMANN,
                     *Chief Judge*,
             RAYMOND J. LOHIER, JR.,
             CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                              No. 16-1694

RUDELL L. CLARK MULLINGS,

                     *Defendant-Appellant*.

_____

For Appellee:                    HIRAL D. MEHTA (Jo Ann M. Navickas, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:    HOWARD J. BASHMAN, Willow Grove, PA.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Rudell L. Clark Mullings appeals from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*) sentencing him principally to 84 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Mullings was a corrections officer at the Metropolitan Correctional Center ("MCC") in Manhattan. In 2015, Mullings had sex with a female inmate incarcerated at MCC. Federal law makes it illegal for anyone "in a Federal prison" to "knowingly engage[] in a sexual act with another person who is – (1) in official detention; and (2) under the custodial, supervisory, or disciplinary authority of the person so engaging." 18 U.S.C. § 2243(b). Mullings pleaded guilty to sexual abuse of a ward in violation of 18 U.S.C. § 2243(b) in November 2015. The statutory maximum sentence for this offense is 15 years. *Id.*

Relying on statements from the victim, the Probation Office, in its Presentence Investigation Report ("PSR"), concluded that Mullings had used force to compel the inmate to have sex with him. Mullings's sentencing submission denied this allegation. In light of this factual dispute, the district court twice asked whether Mullings wanted a *Fatico* hearing. Mullings ultimately declined a *Fatico* hearing and withdrew his objection to the factual recitation contained in the PSR. The Probation Office initially calculated Mullings's Guidelines range to be 12 to 18 months but later adjusted the recommended Guidelines range to 27 to 33 months. In light of the district court's view that these Guidelines ranges were "absurd" and "ludicrous"

given the offense conduct, App'x 118, 122, the district court ultimately imposed a sentence of 84 months' imprisonment. In imposing its sentence, the district court twice referenced New York criminal law, including observing that "rape" under New York law carries a mandatory minimum 60-month sentence.

Mullings now argues that the sentence must be vacated because, in imposing its 84-month sentence, the district court relied on an impermissible factor, namely, the sentence that he would have received had he been prosecuted in state rather than federal court. A challenge to the reasonableness of a sentence may invoke substantive reasonableness, "which 'requires an examination of the length of the sentence,'" or procedural reasonableness, which addresses "'the procedure employed in arriving at the sentence.'" *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (per curiam) (quoting *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009)). Considering an impermissible factor when imposing a sentence constitutes procedural unreasonableness. *See United States v. Park*, 758 F.3d 193, 197–99 (2d Cir. 2014) (per curiam).

This Court has held that a district court is not *required* to consider federal and state sentencing disparities under 18 U.S.C. § 3553(a)(6), but we have not addressed whether a district court is *permitted* to consider state law under § 3553(a)(6) or any of the other § 3553(a) factors. *United States v. Johnson*, 505 F.3d 120, 123–24 & n.4 (2d Cir. 2007).[1] Although Mullings contends that reliance on state law is improper in the context of sentencing, we need not address that question here, nor need we resolve the parties' dispute regarding the standard of review, because the district court's sentence did not rely on New York law, despite twice referencing it

---

[1] Contrary to Mullings's claim, we have never held that a district court is categorically precluded from referencing state sentencing law when sentencing a defendant. In *United States v. Haynes*, 985 F.2d 65 (2d Cir. 1993), we held that a departure under the then-mandatory Guidelines was not justified by disparities between federal and state sentences for controlled substance crimes, in part, because such disparities were not "atypical or unusual," *id.* at 70, which was the standard the Supreme Court set for such departures in *Koon v. United States*, 518 U.S. 81, 94 (1996). Because the Guidelines are no longer mandatory, *see United States v. Booker*, 543 U.S. 220, 245 (2005), this analysis is not controlling. *See United States v. Mejia*, 461 F.3d 158, 162 (2d Cir. 2006) ("[P]re-*Booker* cases do not control this appeal.").

3

in passing. In the first instance, the district court said that it had looked to a provision of New York's law regarding sex between inmates and correctional employees "just out of curiosity." App'x 121. Mullings concedes that this comment, standing by itself, is not sufficient to constitute reliance. After announcing the sentence and setting forth its reasons under the § 3553(a) factors, the district court observed that the sentence it had imposed was "actually above the minimum for rape in New York which is five years," but emphasized that the sentence "[was] appropriate under the circumstances." App'x 121–22. Read in the context of the district court's entire sentencing discussion and the written statement of reasons, which made no mention of New York law, the two oral references are insufficient to conclude that the district court relied on New York law.

Indeed, if any inference can be drawn from the second reference, it is that the district court was aware of but *declined* to give credence to the disparity between Mullings's federal sentence and New York law. Instead, the district court repeatedly emphasized that the sentence was appropriate based on the forcible nature of the crime, Mullings's position of authority over his victim, and the need to deter others from engaging in such serious criminal conduct. The government's sentencing submission focused in large part on these factors, and use of force became such a point of contention that the district court asked Mullings twice, *sua sponte*, whether he wanted a *Fatico* hearing. The government's presentation at the sentencing proceeding itself also focused on the violent nature of the offense, and the sole question the district court asked the government during its argument at sentencing proceeding focused on the forcible nature of the crime. Additionally, the district court observed, both in its oral remarks and its written statement of reasons, that Mullings's offense conduct involved forcible sexual assault and abuse of a position of authority. Finally, what the district court characterized as the "most

4

important" and "necessary" reason for the sentence was "to send a message to people who are in positions similar to his, that this conduct is totally unacceptable and deserves severe punishment." App'x 121.

Because the seriousness of the offense and the consequent need for deterrence were the clear focus of the sentencing submissions, the parties' oral presentations, and the district court's oral and written statements of reasons, and because the references to New York law were made in passing, we conclude that the district court did not rely on New York law in formulating Mullings's sentence. Accordingly, assuming *arguendo* that reliance on state law is impermissible in the context of the § 3553(a) factors, there is no basis to conclude that the district court erred.

We have considered all of Mullings's arguments and find in them no basis for vacature. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk