10-2586-cr
USA v. Puglisi

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,
> > *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

>     *Appellee*,

>             v.                                             No. 10-2586-cr

JOHN PUGLISI,

>     *Defendant-Appellant*.

_____

For Appellee:                    JOSEPH PALMER, Appellate Attorney (Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney General, *on the brief*), Unites States Department of Justice, Criminal Division, Washington D.C.; Brenda K. Sannes (Miroslav Lovric, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y.

---

[*] The Honorable J. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:     BRUCE R. BRYAN, Syracuse, N.Y.


Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-appellant John Puglisi appeals from the district court's June 24, 2010 judgment of conviction and sentence. Puglisi was found guilty, after a jury trial, of (1) attempted production and production of child pornography, in violation of 18 U.S.C. § 2251(a) (Count One); (2) persuading, inducing, and enticing a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b) (Count Two); and (3) attempted possession and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three). He was sentenced to 180 months' imprisonment, to be followed by a life term of supervised release. On appeal, Puglisi argues (1) that there was insufficient evidence to support his convictions; and (2) that the mandatory minimum sentence as applied to his case constitutes cruel and unusual punishment in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Puglisi first argues that the evidence presented at trial was insufficient to support his convictions. To succeed on a claim of insufficient evidence, the defendant must carry the "very heavy burden" of showing that "no rational trier of fact, viewing the evidence in the light most favorable to the government, could have found him guilty beyond a reasonable doubt of the essential elements of the crimes charged." *United States v. Desena*, 287 F.3d 170, 176-77 (2d Cir. 2002). "While we review *de novo* the denial of a Rule 29 sufficiency challenge, we apply

2

the same deferential standard as the district court in assessing the trial evidence, *i.e.*, we view that evidence in the light most favorable to the government, assuming that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution." *United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010) (internal citations omitted).

Following our *de novo* review of the record, we conclude that Puglisi has failed to satisfy his heavy burden. To convict Puglisi of attempted production and production of child pornography under 18 U.S.C. § 2251(a), the government was required to prove that "(1) the victim was less than 18 years old; (2) the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) the visual depiction was produced using materials that had been transported in interstate or foreign commerce." *United States v. Broxmeyer*, 616 F.3d 120, 124 (2d Cir. 2010) (internal quotation marks omitted). Additionally, because 18 U.S.C. § 2251(a) also prohibits the attempted production of child pornography, *see* 18 U.S.C. § 2251(e); *United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010), the government sustained its burden if the evidence was sufficient to prove that Puglisi attempted to produce child pornography. Puglisi does not contest the sufficiency of the proof on the first and third elements: the victim was sixteen years old at all relevant times, and the cell phones she used were made in foreign countries. He does, however, argue that the government's proof with respect to the second element of the crime was insufficient to sustain his conviction.

We disagree. Congress has defined the term "sexually explicit conduct" as "actual or simulated" "(i) sexual intercourse . . . ; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A). In this case, Puglisi's explicit text messages amply support the jury's

verdict that Puglisi persuaded or attempted to persuade the victim to engage in both "masturbation" and "lascivious exhibition of the genitals" for the purpose of producing photographs of that conduct. For example, Puglisi asked the victim to send him a picture of herself meeting the following description: "[s]weater no bra and *touch yourself*." App. 77 (emphasis added). A reasonable jury could readily infer that Puglisi's request referred to masturbation, particularly in light of other texts sent by Puglisi to the victim within minutes of that request where the same phrase unmistakably carried that connotation. Similarly, although the actual images produced by the victim were unavailable, the text messages exchanged between Puglisi and the victim show that, at the very least, Puglisi attempted to persuade the victim to engage in "lascivious exhibition of the genitals or pubic area." *See, e.g.*, *id.* at 68 (requesting "[n]aked photos"); *id.* at 69 (asking victim to send photographs of "whatever I want to see"); *id.* at 75 (asking victim to remove more clothing). Moreover, contrary to Puglisi's assertions, the lengthy series of text message introduced during the trial amply support the determination Puglisi "persuaded," "induced," or "enticed" the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and demonstrate that Puglisi "had the intent to commit the crime and engaged in conduct amounting to a 'substantial step' towards the commission of the crime." *United States v. Brand*, 467 F.3d 179, 202 (2d Cir. 2006) (quoting *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003)).

Accordingly, Puglisi has failed to show that "no rational trier of fact, viewing the evidence in the light most favorable to the government, could have found him guilty beyond a reasonable doubt of the essential elements of" attempted production and production of child pornography. *Desena*, 287 F.3d at 176. Additionally, because Puglisi concedes that his challenge to his conviction for *possession* of child pornography (Count One) must succeed or fail

4

along with his challenge to his conviction for *production* of child pornography (Count Three), both of these challenges must fail.

Puglisi also argues that insufficient evidence supported his conviction for persuading, inducing, and enticing a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b). This argument is without merit. In his text messages, Puglisi repeatedly attempted to persuade the victim to engage in sexual conduct. He described, in graphic detail, the sex acts Puglisi and the victim would perform on each other, and he promised they would "act it out thousands of times." App. 81. There was also substantial evidence to support the conclusion that Puglisi provided the victim various material enticements, including money, phones, clothes, gifts, rides, and lunches, in exchange for sex. *See, e.g.*, *id.* at 88 (victim telling Puglisi "[y]ou get sex" in response to Puglisi's question why she did not give him "prizes"); *id.* at 92 (Puglisi proposing agreement in which he would pay the victim for losing weight, and she would give him oral sex when he lost weight); *id.* at 73 (after Puglisi told victim "you are too good to me," victim replied "No your too good to me. You buy me lots of things ha."). Although Puglisi relies on the victim's testimony that she did not consider herself a victim, the jury was not required to credit her testimony in this regard. *See United States v. Josephberg*, 562 F.3d 478, 487 (2d Cir. 2009) ("[T]he jury is free to believe part and disbelieve part of any witness's testimony.").

Having concluded that Puglisi has failed to show that there was insufficient evidence to support his convictions, we turn to Puglisi's contention that the mandatory minimum sentence as applied to his case constitutes cruel and unusual punishment in violation of the Eighth Amendment. We review *de novo* whether a sentence violates the Eighth Amendment. *United States v. Meiners*, 485 F.3d 1211, 1212 (9th Cir. 2007). "The Eighth Amendment 'forbids only extreme sentences that are 'grossly disproportionate' to the crime.'" *United States v. Yousef*, 327

5

F.3d 56, 163 (2d Cir. 2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)

(Kennedy, *J.*, concurring in part and concurring in the judgment)).  "[O]utside the context of

capital punishment, successful challenges to the proportionality of particular sentences have been

exceedingly rare."  *Ewing v. California*, 538 U.S. 11, 21 (2003) (internal quotation marks

omitted) (rejecting Eighth Amendment challenge to 25-year sentence for theft of golf clubs

worth $1,200); *see also Harmelin*, 501 U.S. 957 (upholding a sentence of life without parole for

possessing a large quantity of cocaine); *Hutto v. Davis*, 454 U.S. 370, 370, 375 (1982) (per

curiam) (rejecting Eighth Amendment challenge to a sentence of 40 years' imprisonment for

possession of marijuana with intent to distribute and distribution of marijuana); *Rummel v.*

*Estelle*, 445 U.S. 263, 265, 285 (1980) (upholding a sentence of life with the possibility of parole

for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses).  In

considering an Eighth Amendment challenge to the length of a sentence for a term of years, we

conduct the following analysis:

> A court must begin by comparing the gravity of the offense and the severity of the
> sentence. In the rare case in which this threshold comparison leads to an inference of
> gross disproportionality the court should then compare the defendant's sentence with the
> sentences received by other offenders in the same jurisdiction and with the sentences
> imposed for the same crime in other jurisdictions. If this comparative analysis validates
> an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and
> unusual.

*Graham v. Florida*, 130 S. Ct. 2011, 2021 (2010) (internal citations, quotations marks, and

alterations omitted).

In this case, Puglisi's conviction for violating 18 U.S.C. § 2251 carries a statutory

minimum sentence of 15 years' (180 months') imprisonment.  *See* 18 U.S.C. § 2251(e) ("Any

individual who violates, or attempts or conspires to violate, this section shall be fined under this

title and imprisoned not less than 15 years . . . .").  Before the district court, Puglisi argued that

6

the application of the mandatory minimum sentence to his particular case constituted cruel and unusual punishment because, *inter alia*, he was not a pedophile, he was far less culpable than the typical child pornography defendant, he had no criminal history and had led an exemplary life, he never distributed or intended to distribute the pictures, and the victim was close to the age of consent. The district court, after calculating Puglisi's Sentencing Guidelines range as 235 to 293 months, generally agreed with Puglisi's account of the mitigating factors. App. 220-22. On the other hand, it recognized that "a teacher is held to [a] lot higher standard," and found that Puglisi's relationship with the victim "was driven by her respect for [Puglisi] as a teacher and unfortunately [Puglisi] betrayed that respect." *Id.* at 223. On the whole, while the district court expressed its view that a sentence of eight or nine years would be "sufficient and not more than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a), it concluded it was bound by the dictates of Congress and rejected Puglisi's Eighth Amendment challenge. *Id.* at 225-26. Accordingly, the district court sentenced Puglisi to "180 months on counts 1 and 2 and 120 months on count 3, all to run concurrent." *Id.* at 227.

We agree with the district court. This Court and others have regularly rejected Eighth Amendment challenges to child pornography sentences. *See United States v. Rivera*, 546 F.3d 245, 255 (2d Cir. 2008) (no "inference of gross disproportionality" arose from mandatory life sentence for recidivist offender for production of child pornography) (internal quotation marks omitted); *United States v. Hughes*, 632 F.3d 956, 959-60 (6th Cir. 2011) (upholding ten-year mandatory minimum under 18 U.S.C. § 2422(b) for attempting in online chats to entice an undercover officer he thought was fourteen to engage in sexual activity); *United States v. Farley*, 607 F.3d 1294, 1336-45 (11th Cir. 2010) (upholding thirty-year mandatory minimum under 18 U.S.C. § 2241(c) for crossing state line with intent to have sex with a child); *United States v.*

7

*Nagel*, 559 F.3d 756, 762-65 (7th Cir. 2009) (upholding mandatory ten-year minimum under 18 U.S.C. § 2422(b) for attempted sexual enticement of an undercover officer he thought was fourteen); *United States v. Paton*, 535 F.3d 829, 837-38 (8th Cir. 2008) (upholding life sentence under 18 U.S.C. § 2251(e) for five counts of production of child pornography by a recidivist offender); *United States v. MacEwan*, 445 F.3d 237, 249 (3d Cir. 2006) (upholding fifteen-year mandatory minimum sentence for receiving child pornography by a repeat offender). While we agree that compelling mitigating factors exist in this case, there are also aggravating factors: Puglisi abused his position as a teacher to maintain a sexual relationship with a teenage student, and obstructed the authorities' attempts to obtain the photographic evidence of his crimes. Moreover, the mitigating factors in this case do not render the sentence imposed "grossly disproportionate" to the serious crimes Puglisi committed. Having concluded that a comparison of the gravity of the offense and the severity of the sentence does not lead to an inference of gross disproportionality, we need not reach Puglisi's comparative arguments. *See Graham*, 130 S. Ct. at 2021.

We have considered defendant's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK