DENNIS JACOBS, Chief Judge,
joined by ROSEMARY S. POOLER, Circuit Judge, dissenting from the denial of in banc review:
I respectfully dissent from the denial of in banc review. I have had my say at some length in my dissent from the panel opinion, so it remains for me now only to enumerate the important issues that make this appeal suitable for review in banc.
In a nutshell, the district court imposed a thirty-year sentence on the male coach of girls’ field hockey team who asked a seventeen-year-old team member to text him a *139 photo of herself without clothes.[1] She declined (and texted one of herself in underwear). Under New York law, he and she were free to do anything two consenting adults may do in New York. But under 18 U.S.C. § 2251(a), by asking her (without success) to take nude photos of herself, he became guilty of attempting to “engage in ... sexually explicit conduct for the purpose of producing [a] visual depiction of such conduct.”
The issues that justify in review in banc are:
• The district court piled on enhancements under the United States Sentencing Guidelines (“U.S.S.G.” or “Guidelines”) that were arguably applicable to this case only in a hyper-technical (almost perverse) way. For example, the sentence was enhanced for use of a minor to produce child pornography because the seventeen-year old photographed herself. It cannot be procedurally reasonable to apply enhancements when the conduct giving rise to those enhancements does not alter the “evil of the offense.” United States v. Broxmeyer (Broxmeyer II), 699 F.3d 265, 300 (2d Cir.2012) (Jacobs, J., dissenting).
• The majority opinion holds that two instances suffice to form a “pattern” of sexual misconduct, and that one such instance can be the offense of conviction itself. Id. at 285. The Guidelines do allow for the pattern to emerge by counting an act that “occurred during the course of the instant offense,” U.S.S.G. § 4B1.5 cmt. n. 4(B)(ii), but it would seem a step beyond (and a tautology) to discern a “pattern” — with a severe impact on sentencing — based on adding a single instance to the conduct underlying the conviction.
• I dissented because the offense of conviction cannot justify a sentence that exceeds the statutory minimum of fifteen years. The majority disagreed: “This is not a case in which a defendant succumbed to temptation on one occasion to use one girl in an attempt to produce one image of child pornography, conduct that would nevertheless have required a 15-year sentence.” Broxmeyer II, 699 F.3d at 292. The natural reading of this language is to reserve the mandatory minimum for borderline offenses, and thereby altogether foreclose meaningful review for substantive reasonableness for all but the least culpable instances.
• Compared to cases with similar facts, Broxmeyer’s sentence is disproportionately longer. See, e.g., United States v. Puglisi, 458 Fed.Appx. 31 (2d Cir.2012) (affirming sentence of fifteen years where defendant had sexual relationship with sixteen-year-old girl and solicited lewd pictures of her via text message). Moreover, crimes far worse involving children much younger have resulted in sentences significantly shorter. See United States v. Beardsley, 691 F.3d 252 (2d Cir.2012) (reducing fifteen year sentence for receiving and possessing child pornography); United States v. Dorvee, 616 F.3d 174 (2d Cir.2010) (vacating a twenty-year sentence as substantively unreasonable where defendant possessed thousands of images of child pornography and attempted to meet in person with someone he thought was a fourteen-year-old boy); United States v. Pulsifer, *140 469 Fed.Appx. 41 (2d Cir.2012) (affirming 121-month sentence for distributing child pornography). Enforcing this punishment would therefore impair the purpose and consistency of sentencing. As my dissent points out, the Guidelines range arrived at in this case yielded the same sentence (life) imposed on Jeffrey Dahmer, who killed people, and ate them. Broxmeyer II, 699 F.3d at 303 (Jacobs, J., dissenting).
• The offense of conviction for which Brox-meyer was sentenced was a single instance of attempted sexting. In explaining its reasoning at the resentencing, the district court did not rely on any specific conduct underlying the convictions at issue here. Instead, the district court leaned on Broxmeyer’s “extensive history of sexually abusing children,” (Resentencing Tr., 24, Dec. 22, 2010) — conduct for which Broxmeyer was not convicted in this case. Thus the district court and the majority opinion decouple the sentence from the offense of conviction and premise a thirty-year sentence on a sort of comprehensive moral accounting. See Broxmeyer II, 699 F.3d at 298 (Jacobs, J., dissenting).
• The majority opinion allows a federal court to inflict punishment overwhelmingly on account of conduct that would be purely state offenses. It is not the role of the federal courts to exact punishment for conduct that has escaped state prosecution or that (it is thought) the state has punished inadequately, and thereby augment federal sentencing policy with a bit of Dexter.
All this said, the majority opinion is in many respects a studious application of individual guidelines, doctrines, and rules of deference that cascade to create the phenomenon of sentencing overkill so well illustrated by this case. The cumulative effect of these individual guidelines, doctrines, and rules of deference calls for vigilance in our substantive reasonableness analysis. Unfortunately, the majority opinion limits our substantive reasonableness doctrine so as to all but foreclose useful review of sentences that, while technically within the Guidelines’ range, are nonetheless grossly disproportionate to the harm attributable to the offense of conviction. Cf. Dorvee, 616 F.3d at 182-88 (2d Cir.2010).

. Broxmeyer was convicted of one count of attempting to produce child pornography, see 18 U.S.C. § 2251(a), and one count of possessing child pornography, see id. § 2252A(a)(5)(B). The former carries a statutory minimum of fifteen years' imprisonment, id. § 2251(e); the latter, a statutory maximum of ten years’ imprisonment, id. § 2252A(b)(2). Since Broxmeyer was sentenced concurrently, the attempted production count controls here.