11-2593-cr
United States v. Pulsifer

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
> AMALYA L. KEARSE,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA
> *Appellee*,

v.                                                                                   No. 11-2593-cr

TIMOTHY PULSIFER,
> *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:          MARK SCHNEIDER, Office of Mark A. Schneider, Plattsburgh, New York.

FOR APPELLEE:          BRENDA K. SANNES (Richard D. Belliss, *of counsel*) Assistant United States Attorneys, *for* Richard Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, then *Chief Judge*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 26, 2011, is **AFFIRMED**.

Defendant-Appellant Timothy Pulsifer pled guilty to three counts of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1), and one count of distributing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).  The district court principally sentenced Pulsifer to a non-guidelines sentence of 121 months' imprisonment to be followed by a life term of supervised release.  On appeal, Pulsifer argues that the district court committed procedural error in (1) failing to give due consideration to the section 3553(a) factors; (2) failing to apply a two-level downward departure in light of the Government's U.S.S.G. § 5K1.1 motion; (3) failing to give greater weight than it did to a psychologist's report on Pulsifer's risk of recidivism; and (4) failing to consider the disparity between federal child porn sentences and state sexual abuse cases.  Pulsifer also argues that the 121 months sentence is substantively unreasonable in light of this Circuit's holding in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010).  We assume the parties' familiarity with the underlying facts and procedural history, elaborating only where necessary to explain our decision to affirm.

We review all sentences for reasonableness.  *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir. 2006).  Reasonableness review is akin to abuse of discretion, and we consider the substantive reasonableness of the sentence as well as the procedures used to arrive at the sentence. *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008).  On reasonableness review of a challenged sentence, we apply a "deferential abuse-of-discretion standard."  *Gall v. United*

2

*States*, 552 U.S. 38, 41 (2007); *Cavera*, 550 F.3d at 189. That standard recognizes that reasonableness "'is inherently a concept of flexible meaning, generally lacking precise boundaries.'" *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (quoting *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005)).

In order to impose a procedurally reasonable sentence, a district court must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206–07 (2d Cir. 2007); *accord Gall*, 552 U.S. at 53. Procedural error occurs in situations where, for example, the district court miscalculates the Guidelines, construes the Guidelines as mandatory, fails to explain adequately the sentence imposed; does not properly consider the section 3553(a) factors, or bases its sentence on clearly erroneous facts. *See Gall,* 552 U.S. at 51.

Pulsifer argues that the district court's assessment of the section 3553(a) factors was insufficient and did not address his need for treatment as required by section 3553(a)(2)(D). Because Pulsifer did not raise these issues below, our review is for plain error. *United States v. Cossey*, 632 F.3d 82, 86-7 (2d Cir. 2011). Although 18 U.S.C. § 3553(a) instructs a sentencing judge to consider a number of factors, we have never construed that obligation to require the judge to make explicit reference to each factor considered. *See Fernandez*, 443 F.3d at 29.

At the sentencing hearing here, the parties stated that they had no "objections to the facts as stated in the pre-sentence report" and that they agreed with the PSR's findings that Pulsifer's offense level was 37 and his criminal history category was I, which, in light of the statutory maximum prison term of 20 years, resulted in a Guidelines-recommended prison term in the range

3

of 210-240 months.   The government, pursuant to Guidelines § 5K1.1, had moved for a reduced sentence of 168-175 months in light of Pulsifer's substantial assistance to the government.   The district court, in sentencing Pulsifer, stated, *inter alia*, that it "ha[d] considered the factors outlined in 18 U.S.C. [§] 3553(a)."   The court referred first to the so-called parsimony clause of that section and stated that it would impose a lower sentence because the "penalty associated with the guideline range . . . appear[ed] to be more than that which is reasonable and necessary to meet the goals of the sentencing that are outlined in 18 U.S.C. [§] 3553(a)."   In determining how much below the Guidelines-recommended range an appropriate sentence for Pulsifer would be, "[h]owever, [the court] note[d] that" several "aggravating factors [warranted] a substantial sentence."

The court proceeded to describe the nature and circumstances of Pulsifer's offenses, and Pulsifer's history and characteristics, see 18 U.S.C. § 3553(a)(1), including his "engag[ing] in sexual activities over the webcam with minors as young as 12 and 13 years old on four or five occasions, as well as having sexual conversations with minors and who did not have a webcam on approximately 15 occasions," his "possessi[on of] hundreds of child pornography videos," including "depict[ions of] prepubescent minors and sadomasochistic conduct," and his having "bec[o]me so addicted to . . . the pornography [that he] couldn't stop"--a factor that also implicated, *inter alia*, the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C).   Pulsifer responded "Yes" and "Yes, sir" to those descriptions.   Based on these considerations and on the reduced-sentence "motion of the government pursuant to [§] 5K1.1," the court sentenced Pulsifer principally to concurrent prison terms of 121 months. Accordingly, the district court's analysis of the section 3553(a) factors set forth in the record

4

defeats any suggestion by Pulsifer that the district court gave inadequate reasons for the challenged sentence.

Moreover, to the extent that the district court did not credit on the record Pulsifer's claimed mitigating factors of strong family and community ties, limited criminal history, and low risk of recidivism, these arguments were embodied in Pulsifer's sentencing memorandum, which the court read, and in the arguments made by his counsel at sentencing. With regard to treatment, Pulsifer did not argue to the district court the need for the sentence imposed to "provide the defendant with needed . . . correctional treatment," and Pulsifer cannot establish plain error by merely noting that the district court did not explicitly address this factor. *See generally Villafuerte*, 502 F.3d at 207-08; *Fernandez*, 443 F.3d at 30. As we do not require a district court to reference specifically each section 3553(a) factor to demonstrate that the court considered them, we find no error, much less plain error, in the fact the district court did not do so here. To the extent that Puslifer argues that the district failed to consider, *sua sponte*, federal and state sentencing disparities, he failed to raise this claim before the district court and we find no error in the district court not considering those disparities *sua sponte*. *See United States v. Johnson*, 505 F.3d 120, 122 (2d Cir. 2007) ("[A] District Court is not required to consider potential federal/state sentencing disparities when sentencing a federal defendant.").

Pulsifer, relying on *Dorvee*, next argues that his non-guidelines sentence of 121 months is substantively unreasonable. "[I]n the great majority of cases, a range of sentences . . . must be considered reasonable," *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008), and we will "set aside a district court's substantive determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible

decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks and emphasis omitted). *Dorvee* is readily distinguishable from this case. In *Dorvee*, this Court held that a sentence of 240 months for a first-time offender who pleaded guilty to distribution of child pornography was procedurally and substantively unreasonable. 616 F.3d at 188. With respect to the district court's ruling in *Dorvee*, we concluded that, even though the sentence was a within-Guidelines sentence, the sentence imposed was substantively unreasonable. *Id*. at 183. Explaining our discomfort with the lower court's apparent assumption that a defendant would actually sexually assault a child, notwithstanding that his offense involved only viewing and distributing child pornography, we concluded that the district court provided no rationale for why the maximum sentence of incarceration was chosen by the court in violation of section 3553(a)'s parsimony clause. *Id.* at 183–84. Moreover, procedural errors in *Dorvee* contributed to the district court's substantive error. *Id.* at 184.

In this case, Pulsifer's sentence is procedurally sound. It is nowhere near the statutory maximum of 240 months. The court determined it after a detailed and individualized assessment of Pulsifer's crimes and relevant conduct, including the nature of the videos possessed and transported in connection with the crimes charged, and his having engaged in sexual activities with children via webcam. The district court further considered the unusually harsh impact of the child pornography Guidelines as well as Pulsifer's assistance to authorities. Accordingly, we hold that the sentence is substantively reasonable.

We also reject Pulsifer's contention that the district court gave insufficient weight to the psychologist's report, because where "the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or

lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor," *Fernandez*, 443 F.3d at 34.   We have considered each of Pulsifer's remaining claims and find them to be without merit.   The judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk