10-5283-cr
United States v. Broxmeyer

## UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
<u>Chief Judge</u>,
JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
ROBERT A. KATZMANN,
REENA RAGGI,
RICHARD C. WESLEY,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee</u>,

        - v.-                                    10-5283-cr

TODD J. BROXMEYER,
<u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**    Lisa Peebles (James P. Egan, <u>on the</u> <u>brief</u>), Federal Public Defender's Office, Syracuse, New York.

**FOR APPELLEE:**    Paul D. Silver (Miroslav Lovric, <u>on the</u> <u>brief</u>), <u>on behalf of</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

## ORDER

Following disposition of this appeal on August 28, 2012, an active judge of the Court requested a poll on whether to rehear the case <u>in banc</u>. A poll having been conducted and there being no majority favoring <u>in banc</u> review, rehearing <u>in banc</u> is hereby **DENIED**.

Reena Raggi, <u>Circuit Judge</u>, joined by José A. Cabranes, Richard C. Wesley, and Debra Ann Livingston, <u>Circuit Judges</u>, concurs by opinion in the denial of rehearing <u>in banc</u>.

Dennis Jacobs, <u>Chief Judge</u>, joined by Rosemary S. Pooler, <u>Circuit Judge</u>, dissents by opinion from the denial of rehearing <u>in banc</u>.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

REENA RAGGI, Circuit Judge, joined by JOSÉ A. CABRANES, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges, concurring in the denial of rehearing en banc:

The court today declines to convene en banc to review further the reasonableness of a 30-year prison sentence imposed on defendant Todd Broxmeyer, a high school athletic coach, found guilty at trial of attempting to produce child pornography and possessing a collection of such pornography.[1]  I concur in that decision, which is hardly surprising given that I authored the panel opinion upholding the challenged sentence.  See United States v. Broxmeyer, 699 F.3d 265 (2d Cir. 2012).  I write now only to respond to certain points made by our colleague—also the panel dissenter, see id. at 297—in his dissent from the denial of rehearing en banc, see post at 1.

Our dissenting colleague acknowledges that his dissent from the denial of en banc simply summarizes concerns already detailed in his panel dissent.  See post at 1.  Following his lead, I will not here repeat the panel opinion's explanations for why each of the dissent's concerns is unwarranted.  Rather, I will summarize or point the reader to parts of the panel opinion that are responsive to these concerns.

At the outset, however, I note that the dissent persists in trivializing the conduct at issue on this appeal by describing it as nothing more than a sports coach soliciting, "without

---

[1] The challenged sentence is exactly midway between the mandated 15-year statutory minimum for the attempted production crime of conviction, see 18 U.S.C. § 2251(e), and the possible 40-year statutory maximum for the two crimes of conviction, see id. §§ 2551(e), 2552A(b)(2).  Pursuant to U.S.S.G. § 5G1.1(a), that statutory maximum became the recommended Guidelines sentence as it was below the advisory sentence of life imprisonment yielded by a calculation of relevant Sentencing Guidelines.  See United States v. Broxmeyer, 699 F.3d 265, 274 & n.10 (2d Cir. 2012).

1

success," a nude photograph from a 17-year-old team member. See post at 1. In fact, that conduct, which supported Broxmeyer's attempted production conviction, was part of a much larger pattern of sexual exploitation of teenage athletes by the 37-year-old man entrusted with their care. Broxmeyer routinely engaged these teenagers in sexual activities that escalated from the verbally flirtatious to the pictorially pornographic to the criminally assaultive. Indeed, the 17-year old from whom Broxmeyer solicited the aforementioned nude photograph—which she eventually did produce in response to his constant badgering, see United States v. Broxmeyer, 699 F.3d at 270—would thereafter become one of Broxmeyer's five teenage rape victims, see id. at 272–74. Whatever "two consenting adults"—to use the dissent's blithe characterization of Broxmeyer and those of his victims who had reached age 17, post at 1—may be free to do together in New York, rape is most definitely not within that sphere. The record further reveals Broxmeyer's engagement of two teenagers in criminal sodomy, criminal because the girls involved were only 13 and 15. See United States v. Broxmeyer, 699 F.3d at 269–70, 272–74. A number of these sexual assaults were also preceded by Broxmeyer's solicitation or exchange of pornographic images with his teenage victims. See id. at 270–72 & nn.3–4.

With the crimes of conviction properly viewed in context, see Williams v. New York, 337 U.S. 241, 247 (1949); accord Pepper v. United States, 131 S. Ct. 1229, 1240 (2011); Witte v. United States, 515 U.S. 389, 397–98 (1995); Wisconsin v. Mitchell, 508 U.S. 476, 485 (1993), one cannot conclude, as the dissent urges, that nothing more than the mandatory minimum 15-year sentence for one of the two crimes of conviction can be substantively

2

reasonable in this case.  See post at 3; United States v. Broxmeyer, 699 F.3d at 297–98; 304

(Jacobs, C.J., dissenting).[2]  Indeed, to hold, "as a matter of law, that the statutory minimum

is the substantively reasonable maximum in [t]his case" would be tantamount to "denying

the district judge who tried this case and interacted directly with Broxmeyer and his victims

the discretion to assign any weight" to the considerable aggravating factors evident.  United

States v. Broxmeyer, 699 F.3d at 289–90.  The panel correctly refused to do so, and the court

today sensibly declines to entertain this possibility further.

Insofar as our dissenting colleague nevertheless identifies six points of concern

warranting en banc review, see post at 2–6, these may reasonably be collected for discussion

into two categories, one relating to the district court's calculation of Broxmeyer's Sentencing

Guidelines and the other relating to the district court's consideration of circumstances beyond

the evidence needed to prove the crimes of conviction.

---

[2] The dissent submits that, because "Broxmeyer was sentenced concurrently, the attempted production count controls here."  Post at 1 & n.1.  The suggestion that Broxmeyer's conviction for possession of child pornography is irrelevant is wrong. Broxmeyer's sentences run concurrently because the Sentencing Guidelines provide for each count of conviction to reflect the total punishment warranted in the case, up to the statutory maximum.  See U.S.S.G. § 5G1.2(b)–(d).  Thus, rather than ignore the possession count of conviction in reviewing the challenged sentence, the court is obliged to recognize the additional crime as an aggravating factor that "provides a basis for expanding the substantively reasonable sentencing range some measure above the 15-year minimum mandated for the attempted production count alone."  United States v. Broxmeyer, 699 F.3d at 290 (observing that "district court was hardly required to view the possession crime as 'free,' particularly as it reached well beyond" the attempted production at issue to "involv[e] many more victims").

3

As to the first category, the dissent questions the application of Guidelines enhancements for Broxmeyer's use of a minor in attempting to produce child pornography, see U.S.S.G. § 3B1.4, and Broxmeyer's engagement in a pattern of prohibited sexual conduct, see id. § 4B1.5(b)(1). Neither concern is warranted for the reasons discussed in the panel opinion at 699 F.3d at 281 (use of minor), and id. at 284–88 (pattern of sexual conduct). In any event, neither concern presents a matter of exceptional importance supporting en banc review. See Fed. R. App. P. 35(a)(2). The record indicates that the district court assigned little, if any, weight to the use-of-a-minor enhancement in sentencing Broxmeyer, focusing instead on his abuse of a position of trust, larger pattern of sexual exploitation, and lack of remorse. See United States v. Broxmeyer, 699 F.3d at 281 & n.18; see also id. at 291–95 (upholding assignment of aggravating weight to latter factors in imposing challenged sentence). No different conclusion obtains as to the § 4B1.5(b)(1) pattern enhancement. The dissent's construction of that Guideline to exclude consideration of the crime of conviction in identifying a pattern not only is misguided but in any event would not apply to the district court's exercise of its broader sentencing discretion under 18 U.S.C. §§ 3553(a), 3661. See id. at 269, 287 (explaining how range of information properly considered expands as issue under consideration moves from (1) defendant's guilt to (2) calculation of Guidelines to (3) exercise of district court's ultimate sentencing discretion under § 3553(a)); see also United States v. Wernick, 691 F.3d 108, 118 (2d Cir. 2012) (recognizing district court's discretion to consider "broad range of information" in evaluating § 3553(a) factors, even if not relevant to Guidelines calculation). In sum, the record reflects

4

no procedural errors in defendant's Guidelines calculation, much less ones warranting <u>en banc</u> review.

As for the dissent's remaining four concerns—the imposition of a sentence that exceeds the 15-year statutory minimum for a single attempt of "sexting," the purported disproportionality of the challenged 30-year sentence, the district court's reliance on unconvicted conduct in imposing sentence, and the fact that some of the considered conduct violated only state law—these all rest on a common untenable assumption:  that district courts somehow abuse their discretion when they allow circumstances beyond the actual crimes of conviction to inform sentences.  "This is wrong as a matter of law" and "has no place in our jurisprudence."  <u>United States v. Broxmeyer</u>, 699 F.3d at 268–69.

To be sure, a district judge can never sentence a defendant to a more severe punishment than that which is statutorily prescribed for the crimes of conviction.[3]  But in deciding on where within a statutory range to sentence a defendant, a district judge is certainly <u>not</u> limited to considering only conduct establishing guilt for the crimes of

---

[3] Thus, if Congress had decided that attempted production of child pornography warranted a maximum sentence of five years, the district court could not have sentenced Broxmeyer to any higher term for that crime, no matter how many teenage athletes he had also raped or engaged in sodomy.  That, however, was not Congress's decision.  It deemed production (and attempted production) of child pornography a sufficiently serious crime to mandate a sentence of no less than 15 years in every case—even one presenting no aggravating factors—with the possibility of a sentence as high as 30 years. See United States v. Broxmeyer, 699 F.3d at 290 (discussing legislative prerogative to identify crimes and fix sentencing ranges subject to judicial review only for constitutional violations).  Because defendant here was also convicted of possession of child pornography, he faced a possible consecutive term of 10 years' incarceration for that crime and, thus, a total statutory sentencing range of 15 to 40 years' incarceration.

5

conviction. To the contrary, a sentencing judge enjoys broad discretion to consider "a wide variety of factors in addition to evidence bearing on guilt." Wisconsin v. Mitchell, 508 U.S. at 485 (emphasis added).

This is hardly a novel view of sentencing. Both "before and since the American colonies became a nation," British and American courts have recognized that sentencing judges should not be confined "to the narrow issue of guilt" in determining punishment, but should consider "the fullest information concerning the defendant's life and characteristics." Williams v. New York, 337 U.S. at 246–47. This principle is now codified in language that this court, en banc, has held to admit no appellate narrowing: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; see United States v. Cavera, 550 F.3d 180, 190–91 (2d Cir. 2008) (en banc); see also United States v. Broxmeyer, 699 F.3d at 268–69, 293.

A sentencing judge does not consider this broad range of information to punish a defendant for conduct other than the crime of conviction. Rather, a sentencing judge properly considers such information to assess the real seriousness of the offense of conviction; to understand the history and characteristics of the defendant; and to fashion a sentence that provides just punishment, protects the public, and deters the defendant from further criminal conduct. See 18 U.S.C. § 3553(a); Williams v. New York, 337 U.S. at 246 (recognizing it as "[h]ighly relevant—if not essential—to [judge's] selection of an

6

appropriate sentence" for crime of conviction that he possess "the fullest information possible concerning the defendant's life and characteristics"). Thus, just as possession of burglary tools might be viewed as a more serious crime when committed by a defendant who had already targeted locations, solicited confederates, and committed past burglaries, so the attempted production and possession of child pornography might be viewed as more serious when committed by a defendant pursuant to a pattern of sexual exploitation that violated a position of trust and included criminal assaults. See United States v. Broxmeyer, 699 F.3d at 294–95. In both circumstances, aggravating factors going beyond the crime of conviction shed light on § 3553(a) factors in ways that expand the range of substantively reasonable sentences considerably above the statutory minimum.[4]

---

[4] In maintaining that "the offense of conviction cannot justify a sentence that exceeds the statutory minimum of 15 years," post at 3, our dissenting colleague faults the panel's observation that "[t]his is not a case in which a defendant succumbed to temptation on one occasion to use one girl in an attempt to produce one image of child pornography, conduct that would nevertheless have required a 15-year sentence," United States v. Broxmeyer, 699 F.3d at 291–92, construing that language to "reserve the mandatory minimum for borderline offenses, and thereby altogether foreclose meaningful review for substantive reasonableness for all but the least culpable instances," post at 3. It does no such thing.

Nowhere does the panel decision preclude district courts from imposing mandatory minimum sentences upon the identification of any aggravating factors. Much less does it suggest that the identification of any aggravating factor would shield an above-minimum sentence from substantive reasonableness review. See United States v. Cavera, 550 F.3d at 201 n.6 (Raggi, J., concurring) (noting, in discussing substantive reasonableness review, that an aggravating factor "that could support a 24-month sentence might not bear the weight of a 24-year sentence"). Rather, the quoted language serves to remind that mandatory minimum sentences must be imposed even in the absence of any aggravating factors, and to highlight that this case is one in which a significant number of such factors are evident from the record, notably, a second crime of conviction, see United States v. Broxmeyer, 699 F.3d at 290; Broxmeyer's repeated abuse of a position of trust, see id. at 291–92; the larger pattern of sexual abuse of which the crimes of conviction were a part, see id. at 292–95; and

7

Thus, contrary to the dissent's urging, there is no reason for this court to convene en banc to consider whether the district court exceeded its discretion in identifying aggravating factors beyond Broxmeyer's conduct of conviction in imposing sentence. Statute and precedent make clear that it did not. Nor is there reason to review en banc whether the district court erred because some of the considered conduct violated only state law or had not resulted in conviction. Again, controlling precedent states that it did not. See Witte v. United States, 515 U.S. at 397–98 (holding that sentencing judge's ability to conduct broad inquiry in determining punishment extends to "defendant's past criminal behavior, even if no conviction resulted from that behavior").

Insofar as the dissent might be understood to fault the district court, not for considering conduct beyond that establishing defendant's guilt on the crimes of conviction, but for the weight it assigned that conduct, there is even less reason for en banc review. As the panel opinion details, see 699 F.3d at 289, our precedent instructs that the particular weight to be afforded aggravating and mitigating factors "is a matter firmly committed to the discretion of the sentencing judge," United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006). Thus, we review a weight challenge modestly to ensure only that the factor at issue "can bear the weight assigned to it under the totality of circumstances in the case." United States v. Cavera, 550 F.3d at 191. In doing so, we are mindful of two realities: (1) district

Broxmeyer's lack of remorse, see id. at 295.
    What is extraordinary about the dissent is its stubborn insistence that none of these factors, either alone or in combination, afforded the district court any discretion to impose a sentence above the mandatory minimum.

8

courts enjoy distinct institutional advantages over appellate courts in gaining insights into a defendant, his crime, and his victims, that cannot always be conveyed by a cold record, see Gall v. United States, 552 U.S. 38, 51–52 (2007);[5] and (2) "even experienced district judges may reasonably differ . . . in the relative weight they accord competing circumstances," United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

Our dissenting colleague not only ignores these realities; he also studiously avoids "the totality of circumstances in this case," United States v. Cavera, 550 F.3d at 191, maintaining that the conduct here at issue is nothing more than "a single instance of sexting," post at 4, between persons of age who can "do anything two consenting adults may do in New York," id. at 1. As already noted, supra at 1–3, the conduct supporting Broxmeyer's attempted production conviction, as well as that informing his possession conviction, were parts of a larger, disturbing pattern of sexual exploitation of teenagers, exploitation made possible by Broxmeyer's abuse of the position of trust he exercised over these teenagers as a sports coach with the power to affect their futures. There is no need here to repeat the panel opinion's discussion of why, in these circumstances, such abuse of trust could bear considerable aggravating weight in supporting a sentence above the statutory minimum. See United States v. Broxmeyer, 699 F.3d at 291–95. Nor will I repeat the opinion's detailed

<hr />

[5] Here, the district court heard directly at trial and at sentencing from a number of Broxmeyer's teenage victims and their families, as well as from the defendant himself. See United States v. Broxmeyer, 699 F.3d at 270–72; 277. It not only expressly credited the victims over the defendant, see id. at 277–78 & n.15, but also characterized the totality of events of which the crimes of conviction were an integral part as an unspeakable tragedy that had changed the victims' lives forever, see id. at 278 n.15.

9

discussion of the five rapes and two sodomies that bear further weight, a discussion made necessary by the dissent's insistence that this case is much ado about nothing. See id. at 271–74, 292–95.

I note only that, contrary to the dissent, the district court did not err by "decoupl[ing] the sentence from the offense of conviction" in order to "premise a 30-year sentence on a sort of comprehensive moral accounting." Post at 5. Rather, it correctly recognized that the two crimes of conviction were part of Broxmeyer's pattern of criminal exploitation. This permitted it reasonably to conclude, consistent with its obligations under 18 U.S.C. § 3553(a), both that the crimes of conviction were more serious than they might have appeared in isolation, and that Broxmeyer posed a greater risk of harm and needed greater deterrence than might otherwise have been recognized. Indeed, the latter conclusion was reinforced by the district court's first-hand observations of Broxmeyer's lack of remorse. See United States v. Broxmeyer, 699 F.3d at 277, 295–96. In short, any "decoupling" error lies with the dissent rather than the district court insofar as the dissent divorces the crimes of conviction from the pattern of criminal conduct of which they were a part.

Only by ignoring this pattern, as well as Broxmeyer's abuse of trust and lack of remorse, can the dissent suggest that his sentence is disproportionate to that received by proposed comparators. See post at 3–4. Insofar as the dissent cites United States v. Dorvee, 616 F.3d 174 (2010), to support this point, the comparison is inapt and the substantive unreasonableness concerns that existed in Dorvee are not present here. In Dorvee, we vacated a statutory maximum sentence for distributing child pornography because it appeared

10

to be informed by speculation that defendant was likely to engage minors in sexual conduct. See id. at 183–84.[6]  Here, there is no need for speculation.  The record makes plain that Broxmeyer was no passive collector of child pornography.  Rather, he was a sexual predator, who repeatedly encouraged teenagers in his care to produce pornography, after which he engaged many of those same teenagers in sexual relations that were always exploitative, and frequently criminal.

Upon review of the totality of the circumstances, see 18 U.S.C. § 3661, there is simply no basis for this court to conclude, as a matter of law, that a sentence midway between the statutory minimum and maximum for the two crimes of conviction was outside the broad range of reasonable sentences available to the district court.  Much less is there reason to hold that only the minimum sentence of 15 years can be reasonable in this case.[7]

---

[6] As the panel opinion further notes, when, in Dorvee, this court vacated the challenged statutory (and, therefore, Guidelines) maximum sentence, expressing concern as to the unusual provenance of the applicable Guidelines, see 616 F.3d at 188, "we nowhere suggested that it would be an abuse of discretion for the district court to accord some weight to the referenced Guidelines in imposing a sentence above the statutory minimum," United States v. Broxmeyer, 699 F.3d at 291 (emphasis in original).  Thus, even if Dorvee were analogous—which it is not—it does not support the dissent's insistence that no sentence above the statutory minimum can be held substantively reasonable in this case.

[7] The dissent also reiterates that Broxmeyer's original Guidelines calculation yielded a recommendation of life imprisonment, the sentence imposed on Jeffrey Dahmer, "who killed people, and ate them."  Post at 4; see United States v. Broxmeyer, 699 F.3d at 303 (Jacobs, C.J., dissenting).  The point is vivid, but merely a distraction.  Broxmeyer's initial Guidelines recommendation was reduced by law to 40 years.  See U.S.S.G. § 5G1.1(a).  Thus, there was never any possibility of his serving life imprisonment in this case.  Moreover, the district court here imposed a non-Guidelines sentence of 30 years.  On this record, there is no reason to consider—and certainly no reason to consider en banc—whether a lifetime sentence in this case would be substantively unreasonable, with or without regard to Dahmer.

11

In sum, because this case presents no question of abuse of discretion by the sentencing judge warranting further review, I concur in the court's decision today not to consider the matter en banc.

---

In any event, singular criminals such as Jeffrey Dahmer do not make useful comparators. Most murders yield Guidelines recommendations of life imprisonment, even though few involve cannibalism. I do not understand the dissenting judge to be inviting murderers sentenced to life imprisonment to mount substantive reasonableness challenges on the ground that their homicides were not as heinous as Dahmer's.

DENNIS JACOBS, <u>Chief Judge</u>, joined by ROSEMARY S. POOLER, <u>Circuit Judge</u>, dissenting from the denial of <u>in banc</u> review:

I respectfully dissent from the denial of <u>in banc</u> review. I have had my say at some length in my dissent from the panel opinion, so it remains for me now only to enumerate the important issues that make this appeal suitable for review <u>in banc</u>.

In a nutshell, the district court imposed a thirty-year sentence on the male coach of girls' field hockey team who asked a seventeen-year-old team member to text him a photo of herself without clothes.[1] She declined (and texted one of herself in underwear). Under New York law, he and she were free to do anything two consenting adults may do in New York. But under 18 U.S.C. § 2251(a), by asking her (without success) to take nude photos of herself, he became guilty of attempting to "engage in . . . sexually explicit conduct for the purpose of producing [a] visual depiction of such conduct."

---

[1] Broxmeyer was convicted of one count of attempting to produce child pornography, <u>see</u> 18 U.S.C. § 2251(a), and one count of possessing child pornography, <u>see</u> <u>id.</u> § 2252A(a)(5)(B). The former carries a statutory minimum of fifteen years' imprisonment, <u>id.</u> § 2251(e); the latter, a statutory maximum of ten years' imprisonment, <u>id.</u> § 2252A(b)(2). Since Broxmeyer was sentenced concurrently, the attempted production count controls here.

The issues that justify review in banc are:

- The district court piled on enhancements under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") that were arguably applicable to this case only in a hyper-technical (almost perverse) way. For example, the sentence was enhanced for use of a minor to produce child pornography because the seventeen-year old photographed herself. It cannot be procedurally reasonable to apply enhancements when the conduct giving rise to those enhancements does not alter the "evil of the offense." United States v. Broxmeyer (Broxmeyer II), 699 F.3d 265, 300 (2d Cir. 2012) (Jacobs, J., dissenting).

- The majority opinion holds that two instances suffice to form a "pattern" of sexual misconduct, and that one such instance can be the offense of conviction itself. Id. at 285. The Guidelines do allow for the pattern to emerge by counting an act that "occurred during the course of the instant offense," U.S.S.G. § 4B1.5 cmt. n.4(B)(ii), but it would seem a step beyond (and a tautology) to

2

discern a "pattern"--with a severe impact on sentencing--based on adding a single instance to the conduct underlying the conviction.

- I dissented because the offense of conviction cannot justify a sentence that exceeds the statutory minimum of fifteen years.  The majority disagreed: "This is not a case in which a defendant succumbed to temptation on one occasion to use one girl in an attempt to produce one image of child pornography, conduct that would nevertheless have required a 15-year sentence." Broxmeyer II, 699 F.3d at 292.  The natural reading of this language is to reserve the mandatory minimum for borderline offenses, and thereby altogether foreclose meaningful review for substantive reasonableness for all but the least culpable instances.

- Compared to cases with similar facts, Broxmeyer's sentence is disproportionately longer.  See, e.g., United States v. Puglisi, 458 F. App'x 31 (2d Cir. 2012) (affirming sentence of fifteen years where defendant had sexual relationship with sixteen-year-old girl and solicited lewd pictures of her

via text message).  Moreover, crimes far worse involving children much younger have resulted in sentences significantly shorter.  See United States v. Beardsley, 691 F.3d 252 (2d Cir. 2012) (reducing fifteen year sentence for receiving and possessing child pornography); United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010) (vacating a twenty-year sentence as substantively unreasonable where defendant possessed thousands of images of child pornography and attempted to meet in person with someone he thought was a fourteen-year-old boy); United States v. Pulsifer, 469 F. App'x 41 (2d Cir. 2012) (affirming 121-month sentence for distributing child pornography).  Enforcing this punishment would therefore impair the purpose and consistency of sentencing.  As my dissent points out, the Guidelines range arrived at in this case yielded the same sentence (life) imposed on Jeffrey Dahmer, who killed people, and ate them. Broxmeyer II, 699 F.3d at 303 (Jacobs, J., dissenting).

- The offense of conviction for which Broxmeyer was sentenced was a single instance of attempted

4

sexting. In explaining its reasoning at the resentencing, the district court did not rely on any specific conduct underlying the convictions at issue here. Instead, the district court leaned on Broxmeyer's "extensive history of sexually abusing children," (Resentencing Tr., 24, Dec. 22, 2010)-- conduct for which Broxmeyer was not convicted in this case. Thus the district court and the majority opinion decouple the sentence from the offense of conviction and premise a thirty-year sentence on a sort of comprehensive moral accounting. See Broxmeyer II, 699 F.3d at 298 (Jacobs, J., dissenting).

- The majority opinion allows a federal court to inflict punishment overwhelmingly on account of conduct that would be purely state offenses. It is not the role of the federal courts to exact punishment for conduct that has escaped state prosecution or that (it is thought) the state has punished inadequately, and thereby augment federal sentencing policy with a bit of *Dexter*.

* * *

All this said, the majority opinion is in many respects a studious application of individual guidelines, doctrines, and rules of deference that cascade to create the phenomenon of sentencing overkill so well illustrated by this case. The cumulative effect of these individual guidelines, doctrines, and rules of deference calls for vigilance in our substantive reasonableness analysis.  Unfortunately, the majority opinion limits our substantive reasonableness doctrine so as to all but foreclose useful review of sentences that, while technically within the Guidelines' range, are nonetheless grossly disproportionate to the harm attributable to the offense of conviction.  Cf. Dorvee, 616 F.3d at 182-88 (2d Cir. 2010).