15-1732
*Broxmeyer v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**<u>SUMMARY ORDER</u>**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 29th day of September, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
             RICHARD C. WESLEY,
             PETER W. HALL,
                      *Circuit Judges*.

TODD J. BROXMEYER,

    *Petitioner-Appellant*,

    - v -               No. 15-1732

UNITED STATES OF AMERICA,

    *Respondent-Appellee*.

| | |
|---|---|
| For Petitioner-Appellant: | LAWRENCE D. GERZOG, Law Offices of Lawrence D. Gerzog, New York, NY. |
| For Respondent-Appellee: | CARINA H. SCHOENBERGER, Assistant U.S. Attorney (Miroslav Lovric, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY. |

1

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

This is the third time this Court has considered an appeal from Todd Broxmeyer, who was convicted on five counts of production of child pornography, attempted production of child pornography, transportation of a minor with the intent to engage in criminal sexual activity, and possession of child pornography following a jury trial in 2008. *See United States v. Broxmeyer* (*Broxmeyer* I), 616 F.3d 120 (2d Cir. 2010) (reversing Broxmeyer's convictions on the two counts of production and one count of transportation); *United States v. Broxmeyer* (*Broxmeyer* II), 699 F.3d 265 (2d Cir. 2012) (affirming Broxmeyer's 30-year sentence on the remaining counts), *reh'g en banc denied*, 708 F.3d 132 (2d. Cir. 2013), *cert. denied sub nom. Broxmeyer v. United States*, 133 S. Ct. 2786 (2013). Because the facts of this case are amply described in those two opinions, we will not recount them here.

In this appeal, Broxmeyer challenges the district court's denial of his motion under 28 U.S.C. § 2255 asserting ineffective of counsel in violation of the Sixth Amendment. Because Broxmeyer has not alleged any plausible claim of ineffective assistance, either by his trial counsel or his post-trial counsel, we AFFIRM.

**A. Standard of Review**

When reviewing a district court's decision to deny a motion under § 2255, "[w]e review [the] district court's findings of fact for clear error, and its denial of a [§] 2255 petition *de novo*." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). But "[w]e review the district court's denial of a hearing under 28 U.S.C. § 2255 for abuse of discretion." *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001).

2

**B. Ineffective Assistance of Counsel**

Section 2255 provides that a prisoner in federal custody "may move the court" to vacate a sentence that "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Broxmeyer claims that his sentence was imposed in violation of his Sixth Amendment right to the effective assistance of counsel. To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the defendant must prove both "that counsel's representation fell below an objective standard of reasonableness . . . . under prevailing professional norms," *id.* at 688, and "that the deficient performance prejudiced the defense," i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial," *id.* at 687.

To meet the high bar for proving deficiency, movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. . . . Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 687, 689. We apply a "'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689). Thus, "in case after case, we have declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill-advised." *Tippins v. Walker*, 77 F.3d 682, 686 (2d Cir. 1996).

Broxmeyer first argues that his trial counsel failed to mount a proper defense because he was intoxicated before and during trial. Broxmeyer presents no plausible reason to think that his trial counsel was intoxicated, or that his performance fell below an objective standard of reasonableness. It is clear from the record that trial counsel actively advocated on behalf of

Broxmeyer before and during trial, including by filing motions to suppress evidence and seeking an order precluding use of certain evidence at trial as prejudicial to Broxmeyer. He also moved at the end of the government's case for judgment of acquittal on Counts 1, 2, and 4, the same counts on which this Court later vacated Broxmeyer's convictions.

At trial, Broxmeyer's defense to the first three counts against him was that his teenage players had sent their naked pictures to him voluntarily, and that he therefore had not "willfully coerced" a minor, a required element of the crime of production. His trial counsel emphasized that point during his opening statement, in cross-examining witnesses, and during his summation. Similarly, counsel contended during his opening statement and summation that, under the relevant federal law, the purpose of transporting a minor across state lines had to be for sex, and it was not sufficient if the sexual acts were merely incidental.

Although counsel did not present a defense case, his cross-examinations of the government's witnesses were thorough. For instance, through his cross-examination of K.M. and her father, counsel highlighted that Broxmeyer had to travel close to K.M.'s house anyway based on his pre-existing schedule. During his cross-examination of the lead investigator on the case and the forensic expert, counsel stressed that the police did not know the age of most of the women in the photographs. It is also evident from the record that counsel was attentive during trial; for example, when the prosecutor referred to a "photo of young girls or teenage person's breasts," counsel objected to the use of the term teenage because "[i]t hasn't been identified that she is a teenager." G.A. 58. That objection was sustained. *Id*.

Broxmeyer claims that his counsel was ineffective for failing to mount a defense. But as we have held, "[t]he decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in

4

almost every trial." *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d. Cir. 1987); *see also Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir. 2005) ("Courts applying *Strickland* are especially deferential to defense attorneys' decisions concerning which witnesses to put before the jury.").

Here, Broxmeyer does not name any witnesses his attorney should have called or explain what testimony they might have offered. The closest he comes is asserting that counsel should have cross-examined A.W. about her visits to Broxmeyer in jail after his arrest, but Broxmeyer has not rebutted the presumption that this failure was a reasonable strategic decision. It was apparent from A.W.'s testimony, on direct and cross-examination, that she had sex with and sent pictures to Broxmeyer voluntarily. But the government argued that A.W.'s "voluntariness" was emblematic of Broxmeyer's abuse of his power over the teenagers entrusted to his care. Indeed, the government emphasized during its summation that it was irrelevant that A.W. claimed to have sent him her pictures of her own accord: A.W.'s "voluntariness . . . . [was] irrelevant. Minors can't consent to doing this stuff." Trial Transcript at 292:15-18, *United States v. Broxmeyer*, No. 3:08-cr-0021-JJM (N.D.N.Y., Sept. 17, 2008), ECF No. 56. The prosecutor opined that "the real sad thing about this whole case is, [A.W.] doesn't think that she was manipulated and used. . . . And why? She's just a kid." *Id.* at 301-02. Counsel's failure to highlight the depth of A.W.'s affections for Broxmeyer thus may well have been a strategic choice not to assist the government's case against his client.

Trial counsel's advice to Broxmeyer not to testify likewise does not constitute ineffective assistance. After his counsel informed the district court that he did not intend to put on a defense case, the court asked whether counsel had "discussed with Mr. Broxmeyer that he has a right to testify here at this Court, if he so chooses." G.A. 168. Broxmeyer's counsel affirmed that he had done so. At that point, the court asked Broxmeyer directly: "do you understand you have a right

to take the stand and testify, if you so choose?" *Id*. Broxmeyer replied, "Yes, sir." *Id*. The court then reaffirmed, "You wish to remain silent, which is also your right?" *Id*. Broxmeyer again replied, "Yes, sir." *Id*. Broxmeyer cannot claim now that he was prevented in any meaningful way from expressing any indecision or discomfort to the court in response to the court's inquiry, even if he had not spoken at length with trial counsel about the prospect of testifying.

As well, we do not find that counsel's failure to object during summation constitutes ineffective assistance of counsel. As we have explained, "[a]s with trial decisions to offer or stipulate to certain evidence, decisions such as when to object and on what grounds are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so." *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) (citations and quotation marks omitted). The record indicates that counsel chose to address the government's remarks during his own summation, rather than objecting and perhaps calling attention to the offending remarks. Counsel asserted, "Now, when the government gave you their inflammatory comments and prejudicial opinions, that wasn't evidence." G.A. 171. We have held that this kind of response is sufficient: "Defense counsel specifically responded to this remark in his own summation and the decision whether to object to an arguably improper remark or to wait and attack it in the defense summation was strictly a matter of tactics." *United States v. Daniels*, 558 F.2d 122, 127 (2d Cir. 1977).

Further, "absent any prejudicial error in the Government's summation, the failure here to raise an otherwise futile objection could not have rendered counsel ineffective." *Cohen*, 427 F.3d at 170. Broxmeyer does not point to any such prejudicial errors. *Cf. United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011).

Finally, we find no merit in Broxmeyer's argument that his post-trial counsel rendered ineffective assistance by failing to object to the factual findings in his pre-sentence report ("PSR") during the resentencing hearing on remand. Post-trial counsel did object to a number of factual allegations in the PSR in a written submission to the district court. Indeed, the district court agreed with several of these objections. Broxmeyer's post-trial counsel also highlighted potential mitigating factors at length during the sentencing hearing.

Moreover, as the district court observed, Broxmeyer's objections to the PSR were the same as those he made before his first sentencing hearing. *See Broxmeyer II*, 699 F.3d at 275. Although post-trial counsel waived the district court's offer to "go step by step" and review the objections to the PSR during the hearing, she did later claim that was error in Broxmeyer's appeal to this Court. We rejected that argument, finding that Broxmeyer had waived the issue. *See id.* at 279. Nonetheless, this Court assessed whether the district court's failure to review the factual allegations again constituted plain error, and found no error, plain or otherwise. *Id.* at 279-80. Having already concluded that there was no error in the district court's decision to forgo reviewing the PSR during the hearing, we cannot now conclude that his counsel's failure to request that review constituted ineffective assistance under *Strickland*.

Broxmeyer also contends that counsel should have objected to factual allegations concerning earlier incidents first revealed in the PSR after remand, as several of Broxmeyer's victims apparently came forward only after the first trial. *See id.* at 276. The sentencing memorandum that counsel submitted to the court did not address these new allegations. Nonetheless, Broxmeyer cannot show prejudice under *Strickland* because the district court stated during the hearing that "it would not increase his sentence based on that new information." *Id.* Broxmeyer emphasizes that the district court indicated that his "extensive history of sexually

7

abusing children" factored into the sentence he received, but this Court already held in *Broxmeyer II* that the district court was not referring to those earlier incidents. *Id.* at 288.

As a result, Broxmeyer has not met his burden to show a plausible claim of ineffective assistance, either by his trial or post-trial counsel.

## C. Need for an Evidentiary Hearing

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)). But "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.* (quoting Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 281 U.S.C. foll. § 2255). The Supreme Court has confirmed that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

"[A] district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." *Puglisi*, 586 F.3d at 214. "[F]or this reason, we have also held that when the judge that tried the underlying proceedings also presides over the Section 2255 motion, a less-than full-fledged evidentiary hearing may permissibly dispose of claims where the credibility assessment would

inevitably be adverse to the petitioner." *Id.*; *see also United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) (affirming the denial of a § 2255 without a hearing where the judge "presided over both of Aiello's trials" and was thus "intimately familiar with the detailed factual record").

Here, the district court acted well within its discretion in declining to hold an evidentiary hearing on Broxmeyer's claims. Although it might have been helpful if the district court had sought affidavits from Broxmeyer's counsel, *cf. Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998), none of his claims requires further evidence to determine their validity. Broxmeyer presented no plausible reason to believe that trial counsel was actually intoxicated during trial or that his performance fell below an objectively reasonable level. Nor did Broxmeyer point to any specific failures or omissions on either counsel's part that would require an evidentiary hearing to assess. Broxmeyer claims that an evidentiary hearing is required to describe conversations he had with trial counsel which are not part of the record, but the substance of those conversations is irrelevant. Most importantly, with respect to Broxmeyer's claims about his desire to testify in his own defense, counsel affirmed that he had "discussed with Mr. Broxmeyer that he has a right to testify here at this Court, if he so chooses," and Broxmeyer himself confirmed that he understood he had "a right to take the stand and testify, if [he] so cho[]se." G.A. 168. Likewise, the alleged inadequacies of his post-trial counsel did not require a hearing, as they were "contradicted by the record." *Puglisi*, 586 F.3d at 214. Holding an evidentiary hearing on Broxmeyer's claims would only be a waste of the court's time and resources.

We have examined the remainder of Broxmeyer's arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
